# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 17 B 36409 |
| MARY ANN MOLTZ | ) Chapter 13 |
| | ) Plan Filed on January 4, 2018 |
| Debtor(s) | ) Confirmation Hearing: February 7, 2018 |
| | ) Judge Deborah L. Thorne |

## OBJECTION TO CONFIRMATION OF PLAN FILED ON JANUARY 4, 2018

NOW COMES, Princeton Village Condominium Association, a secured creditor herein, by and through its attorneys, Ronald J. Kapustka of Kovitz Shifrin Nesbit, and moves this Honorable Court for an Order denying confirmation of Debtor's plan filed on January 4, 2018 and in support thereof states as follows:

1. This court has jurisdiction pursuant to 28 U.S.C. § 1334 and General Rule 2.33 of the United States District court for the Northern District of Illinois;

2. Debtor(s) filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on December 7, 2017;

3. That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. § 362 of the Bankruptcy Code;

4. Creditor, Princeton Village Condominium Association ("Association") is incorporated under the laws of the State of Illinois as a non-for-profit corporation and is charged

**NOTE:  Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**
iManage\CPR04\61018\3470006.v1-2/2/18

with the authority to administer the subject premises pursuant to the Declaration for the Association (hereinafter referred to as "Declaration"), duly recorded with the office of the Recorder of Deeds.

5. Debtor is the legal owner of the property commonly known as 112 Harvard Court, Glenview, Illinois which is subject to the terms and conditions of the Declaration;

6. That the Chapter 13 plan herein propose that Debtor(s) cure the pre-petition arrearage claim through the Chapter 13 Trustee and while maintaining current post-petition payments;

7. That the Debtor(s) plan proposes a monthly payment of $2,420.52 monthly for 60 months to the Standing Trustee for the benefit of the creditors;

8. That the creditor filed Proof of Claim in the instant case totaling $15,969.43, for pre-petition arrearages;

9. That the Debtor(s) has used a version of the District's model plan for its Chapter 13 plan and said model plan contains language which negatively impacts this creditor;

10. That in paragraph 5.2, the plan provides that the creditor's claim will be paid as a nonpriority unsecured claim;

**NOTE:   Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**
iManage\CPR04\61018\3470006.v1-2/2/18

11. That the creditor's Proof of Claim is a secured claim by virtue of its Declaration;

12. That creditor, Princeton Village Condominium Association has filed a <u>secured</u> claim in the amount of $15,969.43, and Debtor(s) has not objected to that claim;

13. That on January 4, 2018, an Agreed Order was entered extending the automatic stay to the Association and paragraph 4 of the agreed order specifically stated the following: Prior to confirmation, the Debtor shall file chapter 13 plan adequately providing cure for the Association's secured, pre-petition claim as follows:

(a) Section E 3.1 (a) shall provide $15,969.43 to Princeton Village Condominium Association with fixed monthly payments in the amount of $300.00;
(b) Section G (Special Terms) shall provide adequate protection payments to Princeton Village Condominium Association in the amount of $300.00.13.

A copy of the agreed order entered on January 4, 2018 is attached hereto as **Exhibit A**.

14. The Debtor has defaulted with respect to her obligations pursuant to the terms of the Declaration in that she has failed to pay assessments and common expenses as required pursuant to the terms of the Declaration. As of the date hereof, there is due and owing to the Association a post-petition amount in the sum of $1,065.72 in assessments and late fees through February 2, 2018. Further, that the Debtor has made <u>NO</u> post-petition payments to the Association.

15. That if the plan is administered as written rather that as intended, creditor would receive substantially less than its allowed, secured proof of claim, in contravention of the provisions of the Bankruptcy Code.

**NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**
iManage\CPR04\61018\3470006.v1-2/2/18

16. That sufficient grounds exist for denial of confirmation as Debtor(s) plan:

   (a) Fails to comply with paragraph 4 of the agreed order entered on January 4, 2018;

   (b) Debtor(s) plan is not feasible or constitutes a modification inconsistent with 11 U.S.C. §1322(b)(c).

   (c) Debtor has failed to maintain the post-petition assessment account current. There is currently a post-petition default to the Association in the amount of $1,065.72 through February 2, 2018.

15. The Association has incurred attorney fees and /or costs in connection with this bankruptcy proceeding subject to court approval, including:

   (a) $450.50 for Objection to confirmation of the Chapter 13 plan including plan review and attending confirmation, if not separately billed.

**WHEREFORE**, Princeton Village Condominium Association, hereby objects to the confirmation of the Chapter 13 Plan as proposed and prays this Court to order the modification of same in accordance thereto or for the denial of confirmation.

Respectfully Submitted,

Kovitz Shifrin Nesbit

By:   /s/ Ronald J. Kapustka

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CPR04-61018)

**NOTE:  Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**
iManage\CPR04\61018\3470006.v1-2/2/18